UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>AGRIPPA, LLC,<br><br>　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 11-10242 (ALG) |

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the Motion of Bank of America, N.A. ("**BOA**") dated February 1,

2011 (the "**Initial Motion**"), seeking dismissal of the bankruptcy petition of debtor Agrippa,

LLC (the "**Debtor**") for cause pursuant to 11 U.S.C. § 1112(b), or in the alternative, for relief

from the automatic stay for cause pursuant to 11 U.S.C. § 362(d), to allow BOA to pursue the

UCC foreclosure sale of its interests in the Debtor's Apartment (as defined in the Initial Motion),

which UCC foreclosure sale was stayed as a result of the filing of the Debtor's chapter 11

petition; and an initial hearing on the Initial Motion having been held before the Court on

February 23, 2011 (the "**Hearing**"); and the Court having found that notice of the Initial Motion

and Hearing was good and sufficient; and the Court having reviewed the opposition to the Initial

Motion; and the Hearing on the Initial Motion having been adjourned from time to time with the

consent of BOA; and numerous status conferences with respect to the Initial Motion having been

held before this Court (in Court as well as telephonically) including on March 29, 2011,

February 23, 2011, March 7, 2011, May 3, 2011, July 19, 2011, August 1, 2011, and September

9, 2011 during which time the Debtor attempted to find a buyer for the Apartment with the

assistance of its retained real estate broker; and the Court having ~~requested~~ **suggested, in**

**response to BOA's application,** at the August 1, 2011 conference that BOA serve the Debtor

and certain other parties in interest prior to the next scheduled hearing date of September 9, 2011

with a  renewed motion seeking relief from the automatic stay to permit BOA to proceed and

complete its UCC foreclosure sale of its interests in the Apartment, including disbursement of

the sale proceeds, if any (the "**Renewed Motion**"); and BOA having served the Renewed Motion

on the Debtor and certain other parties in interest on September 2, 2011; and at the hearing held

on September 9, 2011 the Court having given the Debtor until September 14, 2011, to the extent

it desired, to respond to the Renewed Motion and the Initial Motion; and the Court having

requested that BOA provide Chambers with a copy of the Renewed Motion but, with the

Debtor's consent, not to file the Renewed Motion on the Court's ECF system so as not to

influence the possible sale of the Apartment; and the Court having been provided with a copy of

the Renewed Motion; and the Court having reviewed the Renewed Motion and the Debtor's

response, ~~if any,~~ to the relief requested in the Renewed Motion; and the Court having determined

that "cause" exists under 11 U.S.C. §362(d) to grant BOA relief from the automatic stay; and

upon all of the prior proceedings held before this Court with respect to, among other things, the

Initial Motion and the Renewed Motion, it is hereby

ORDERED that BOA is ~~immediately~~ granted relief from the automatic stay **effective

October 3, 2011 at 9:00 a.m.,** to continue the UCC foreclosure sale of its interests in the

Apartment until completion including making disbursements of the sale proceeds, if any **in

respect of its interests, up to the amount of its Allowed Claim, and subject to the payment

of any superior or prior interests in the apartment (e.g., condominium or cooperative

maintenance, costs of closing);** and it is further

**ORDERED** that in the event there are proceeds, if any, remaining from the sale after payment in full has been made to BOA, then BOA shall tender such remaining proceeds to counsel for the Debtor, to be held by such counsel in escrow, pending further order of this Court; and it is further

**ORDERED** that for cause shown, the provision of Bankruptcy Rule 4001(a)(3) providing for the stay of an order granting a motion for relief from the automatic stay until the expiration of 14 days after the entry of the order, is hereby waived and dispensed with such that this order may be immediately implemented **effective October 3, 2011 at 9:00 a.m.;** ~~upon entry of this order;~~ and it is further

**ORDERED that unless the Debtor requests otherwise, a copy of the Renewed Motion and this order shall not be filed publicly until October 3, 2011, provided that copies shall be served by counsel for BOA on the Debtor and the Debtor's creditors as appear on the schedules or docket; and it is further**

**ORDERED** this Court shall retain jurisdiction over any dispute concerning the interpretation or enforcement of this Order; and it is further

**ORDERED** that notwithstanding the granting of relief from the automatic stay, the Debtor's chapter 11 case shall continue until completion of the UCC sale process and the distribution of the proceeds therefrom, pending further order of this Court.

Dated:    October 3, 2011

_/s/ Allan L. Gropper_
THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE